## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff, Individually*
*and on behalf of all others similarly situated*

| | |
|---|---|
| Carmen Yanes, individually on behalf of herself and all other persons similarly situated | |
| Plaintiff, | DOCKET NO. 18-cv-_____ |
| - vs. – | **COMPLAINT** |
| Juan & Jon Inc. d/b/a Juan and Jon, and Juan Carlos De Los Santos | |
| Defendants. | |

Plaintiff Carmen Yanes, by and through her undersigned attorneys, for her complaint against Defendants Juan & Jon Inc. d/b/a Juan and Jon, Juan Carlos De Los Santos, alleges as follows, on behalf of herself:

### NATURE OF THE ACTION

1.      Plaintiff Carmen Yanes alleges on behalf of herself and on behalf of other similarly situated current and former employees of Defendants Juan & Jon Inc. d/b/a Juan and Jon, who elect to opt into the action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) Compensation from Defendants for wages paid at less than the statutory minimum wage required by the FLSA; (ii) unpaid wages from Defendants for overtime work for which they did not receive overtime

premium pay as required by law; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants' violations lacked a good faith basis.

2.     Plaintiff further complains that she is entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iv) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.     Plaintiff is an adult individual residing in Uniondale, New York.

4.     Plaintiff consents in writing to be a party to the action pursuant to 29 U.S.C. § 216(b); her written consent is attached hereto and incorporated by reference.

5.     Upon information and belief, Defendant Juan and Jon Inc. is a New York corporation with a principal place of business at 4 Welwyn Road, Great Neck, New York 11021.

6.     At all relevant times, Defendant Juan and Jon Inc. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.     Upon information and belief, at all relevant times, Defendant Juan and Jon Inc. has had gross revenues exceeding $500,000.00.

8.     Upon information and belief, at all relevant times herein, Defendant Juan and Jon Inc. has used goods and materials produced in interstate commerce and has employed individuals who handled such goods and materials.

2

9.      Upon information and belief, at all relevant times, Defendant Juan and Jon Inc. has constituted an "enterprise" as defined in the FLSA.

10.     Upon information and belief, Defendant Juan Carlos De Los Santos is an owner or part owner and principal of Juan and Jon Inc.; he has the power to hire and fire employees, set wages and schedules, and maintain her records.

11.     Defendant Juan Carlos De Los Santos was involved in the day-to-day operations of Juan and Jon Inc. and played an active role in managing the business

12.     Defendant Juan Carlos De Los Santos constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

13.     The Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.     Venue is proper in the district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in the district.

## COLLECTIVE ACTION ACTION ALLEGATIONS

15.     Pursuant to 29 U.S.C. § 207, plaintiff seek to prosecute her FLSA claims as a collective action on behalf of herself and a collective defined as follows:

All persons who are or were employed by defendants in the United States at any time since January 10, 2016 to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

3

16.    Plaintiff will fairly and adequately protect the interests of both the putative Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

17.    Plaintiff' claims are typical of the claims of the putative Collective Action Members, and plaintiff has no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

18.    Furthermore, inasmuch as the damages suffered by individual putative Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

19.    Questions of law and fact common to the members of the putative collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

20.    Among the common questions of law and fact under the FLSA and New York wage and hour laws common to plaintiff and other putative Collective Action Members are the following:

    a.    Whether defendants failed and/or refused to pay plaintiff and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    b.    Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

4

21.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

22.    The Collective Action Members are similarly situated to plaintiff in that they were employed by Juan and Jon as non-exempt laborers and were denied premium overtime pay for hours worked beyond forty hours in a week.

23.    They are further similarly situated in that Juan and Jon had a policy and practice of knowingly and willfully refusing to pay them overtime.

24.    Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Juan and Jon.

25.    The exact number of such individuals is presently unknown but is known by defendants and can be ascertained through appropriate discovery.

## **FACTS**

26.    At all relevant times herein, Defendants owned and operated a laundromat in New York.

27.    Plaintiff was employed by Defendants as a presser and cleaner from approximately 2012 until March 2018. Plaintiff took a leave of absence from March 2013 to May 2013 and again from August 2017 to September 2017.

28.    Plaintiff's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

29.     At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

30.     Plaintiff's regular schedule was as follows:

    a.     From 2012 through approximately March 2018, Plaintiff worked five (5) days per week.

    b.      On Mondays through Fridays, Plaintiff worked ten (10) hours per day, from approximately 7:30 A.M. through 6:00 P.M.

    c.     Consequently, Plaintiff worked roughly 52.5 hours per week during that time.

31.     Defendants provided a punch clock for employees to track her work time.

32.     Plaintiff was paid approximately $300 per week.

33.     Plaintiff was paid by check throughout her employment and received paystubs with her pay.

34.     Defendants failed to compensate Plaintiff at the appropriate statutory minimum wage for all of her hours worked, in violation of the FLSA, the New York Labor Law, and the supporting New York Department of Labor regulations.

35.     In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

36.     Defendants' failure to pay Plaintiff the appropriate minimum wage and overtime premiums was willful and lacked a good faith basis.

37.     Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signature acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

38.     The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

39.     The records, if any, concerning the compensation paid to are in the possession and custody of Defendants.

40.     At all times pertinent to her complaint, Defendants failed to comply with 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff the compensation to which she was lawfully entitled, specifically overtime compensation for all of the hours worked in excess of forty (40) within a work week.

41.     Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

42.     Plaintiff, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

7

44.     Defendants failed to pay compensation greater than the statutory minimum wage to Plaintiff for all hours worked.

45.     As a result of Defendants' failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

46.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of their action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### Fair Labor Standards Act - Overtime

48.     Plaintiff, on behalf of herself and all others similarly situated, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

49.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

50.     Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked in excess of forty hours per workweek.

51.     As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

52.    The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

53.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of their action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law – Minimum Wage)

54.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56.    Defendants willfully violated Plaintiff's rights by failing to pay her compensation at the statutory minimum wage, in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

57.    Defendants' failure to pay compensation at the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

## New York Labor Law - Overtime

59.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

60.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

61.     Defendants willfully violated Plaintiff's rights by failing to pay her overtime compensation at rates at least one-and-one-half times her regular rate of pay for each hour worked in excess of forty (40) hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 142.

62.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

63.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V: New York Labor Law – Spread of Hours

64.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.     Defendants willfully violated Plaintiff's rights by failing to pay her an additional hour's pay at the minimum wage for each day she worked a shift lasting longer

than ten hours, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

67.    Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

68.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### New York Labor Law – Wage Theft Prevention Act

69.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

70.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71.    Defendants willfully violated Plaintiff's rights by failing to provide her with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

72.    Defendants willfully violated Plaintiff's rights by failing to provide her with weekly wage statements required by the Wage Theft Prevention Act at any time during her employment.

11

73.    Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day through the end of her employment, up to the maximum statutory damages.

74.    Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day to the termination of her employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

B.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

D.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

E.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

F.  An award of liquidated damages as a result of Defendants' willful failure to

comply with 29 U.S.C. § 216;

G.  Liquidated damages for Defendants' New York Labor Law violations;

H.  Statutory damages for Defendants' violations of the New York Wage Theft

Prevention Act;

I.  Back pay;

J.  Punitive damages;

K.  An award of prejudgment and post judgment interest;

L.  An award of costs and expenses of the action together with reasonable

attorneys' and expert fees; and

M.  Such other, further, and different relief as the Court deems just and proper.

Dated:  January 10, 2019

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff, and*
*Proposed FLSA Collective*

**EXHIBIT A**

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Juan & Jon, Inc, and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Juan & Jon, Inc., mi y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Ms. Carmen Yanes

Date: March 6, 2018