**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CARMEN YANES, *individually on behalf of*
*herself and all other persons similarly situated*

       Plaintiff,

   v.

JUAN & JON Inc., *doing business as Juan and*
*Jon*, and JUAN CARLOS DE LOS SANTOS,

      Defendants.
-------------------------------------------------------X

         **REPORT AND**
         **RECOMMENDATION**

         19-CV-00201 (JS) (LGD)

**LEE G. DUNST**, Magistrate Judge:

   Plaintiff Carmen Yanes ("Plaintiff") commenced this action on January 10, 2019, asserting

violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and various provisions of the

New York Labor Law and supporting regulations. *See generally* Electronic Case File Docket Number

("ECF No.") 1. Presently before the Court, pursuant to the April 27, 2023 referral from the Honorable

Joanna Seybert for a Report And Recommendation, is Plaintiff's unopposed motion for summary

judgment under Federal Rule of Civil Procedure 56 (the "Motion"). *See* ECF No. 35. Plaintiff filed

the Motion on February 15, 2023, and, in response to two orders issued by the undersigned, recently

admitted that the Motion was never served on the *pro se* Defendants. *See* ECF No. 42 (Plaintiff's

May 9, 2023 letter acknowledging "Plaintiff has not yet served the Pro Se defendants with the motion

papers at Docket Entries 35- 40"). The undersigned respectfully recommends that the Court deny

Plaintiff's motion for summary judgment without prejudice due to this admitted failure to properly

serve the Motion in violation of the Federal Rules of Civil Procedure and the Local Civil Rules of this

district.

## I.    FACTUAL BACKGROUND

The facts herein are set forth in Plaintiff's Local Civil Rule 56.1 Statement at ECF No. 38 ("56.1 Statement"), and admissible evidence, including Plaintiff's declaration at ECF No. 36 ("Decl.").[1]  The Court accepts as true Plaintiff's factual assertions supported by record evidence, and notes that the Court presently lacks contrary evidence from defendants Juan & Jon Inc. ("J&J") and Juan Carlos De Los Santos ("De Los Santos," and together with J&J "Defendants").  *See Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244, 246 (2d Cir. 2004) ("Although the failure to respond may allow the district court to accept the movant's factual assertions as true, the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law." (internal quotations and citations omitted)).

From 2012 to 2018, Plaintiff worked as a presser and cleaner at a dry cleaner located in Great Neck, New York ("Dry Cleaner").  Decl. ¶¶ 5-6.  J&J is a New York corporation with a principal place of business at the Dry Cleaner's address.  56.1 ¶ 1.  J&J operated the Dry Cleaner when Plaintiff worked there.  *Id*. ¶ 2.  During that time, De Los Santos was an owner of J&J empowered to hire and fire employees, set wages, implement schedules, and maintain employee records.  *Id*. ¶¶ 4-5.  De Los Santos "was involved in the day-to-day operations of [J&J] and played an active role in managing the business."  *Id*. ¶ 6.

Plaintiff tracked her hours by using Defendants' punch clock at the Dry Cleaner.  Decl. ¶ 12. During her employment at the Dry Cleaner, Plaintiff worked from 7:30 AM until 6:00 PM from Monday through Friday.  *Id*. ¶ 9.  Plaintiff thus worked approximately 52.5 hours per week at the Dry Cleaner, and did so through five workdays each totaling approximately 10.5 hours. 56.1 ¶¶ 14-15.  For

---

[1] Local Civil Rule 56.1 requires each motion for summary judgment to attach "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civ. R. 56.1(a).  That rule also requires each such statement to include citations to admissible evidence. Local Civ. R. 56.1(d).

that work, Plaintiff received a $300 weekly payment by check and allegedly "never got paid anything extra." Decl. ¶¶ 11, 13.

## II.   PROCEDURAL HISTORY

### A.   Pleadings, Discovery, And Withdrawal Of Defense Counsel

On January 10, 2019, Plaintiff commenced this action by filing a complaint alleging Defendants failed to (1) pay minimum wages as required by 29 U.S.C. § 206 and N.Y. LAB. LAW §§ 190-99; (2) make overtime payments as required by 29 U.S.C. § 207(a)(1), LAB. LAW §§ 650 et. seq., and 12 N.Y.C.C.R. § 142; (3) pay an additional hour's pay at the minimum wage for each date Plaintiff worked more than ten hours as required by LAB. LAW §§ 650 et. seq. and 12 N.Y.C.C.R. § 146-1.6; and (4) provide wage notices and statements as required by LAB. LAW §§ 195(1), (3). *See* ECF No. 1. ¶¶ 42-74. On May 6, 2019, Defendants answered the complaint. ECF No. 11. On November 3, 2020, the parties completed discovery. ECF No. 24.

On September 21, 2022, counsel for Defendants filed a motion to withdraw. ECF No. 31. On September 23, 2022, Judge Seybert (1) granted that motion; (2) directed J&J to obtain counsel that files a notice of appearance; (3) directed De Los Santos to file a letter stating he intended to proceed *pro se*, or obtain counsel that files a notice of appearance; and (4) authorized Plaintiff to "move for default" if Defendants failed to comply with those directives by October 24, 2022. ECF No. 32. Subsequently, no notice of appearance was ever filed by new counsel for J&J, and De Los Santos never filed a letter indicating whether he would appear *pro se* or retain new counsel. *See* November 14, 2022 Status Report Order (noting absence of the aforementioned filings by Defendants).

### B.   Plaintiff's Subsequent Failure To Follow Court Orders

On November 14, 2022, Judge Seybert directed Plaintiff's counsel to file a status report by December 2, 2022, (1) confirming whether the Court's earlier September 23, 2022 Order (*id.*) had been served on Defendants and (2) advising how Plaintiff planned to proceed with this case. *See*

November 14, 2022 Status Report Order.  Judge Seybert further specified that "**PLAINTIFF IS ON NOTICE**: Failure to timely comply with this order may result in this case being dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a court order."  *Id.*

On December 8, 2022, Judge Seybert issued an Order To Show Cause noting that Plaintiff's counsel had not complied with the November 14, 2022 Status Report Order (*id.*) and "the Court will afford Plaintiff's counsel a **FINAL** opportunity to show cause, by no later than December 23, 2022, why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a court order."  December 8, 2022 Order To Show Cause.  On December 16, 2022, Plaintiff's counsel responded to the Order To Show Cause, claiming that Judge Seybert's September 23, 2022 Order (ECF No. 32) was served on Defendants by their former counsel.[2]  ECF No. 33.

On December 19, 2022, Judge Seybert (1) authorized Plaintiff to file the motion "it deems appropriate" by January 20, 2023, (2) warned "**PLAINTIFF IS ON NOTICE**: Failure to timely comply with this order may result in this case being dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a court order," and (3) instructed Plaintiff to "to serve a copy of this order upon Defendants and file proof of said service forthwith."  December 19, 2022 Scheduling Order.

Despite those clear instructions, Plaintiff neither filed the required proof of service nor otherwise timely responded.  On January 27, 2023—one week after the deadline for Plaintiff to file the motion she "deems appropriate" (*id.*)—Plaintiff filed a letter addressed to "Judge Arlene

---

[2] Plaintiff's counsel reported that he (1) "was informed via e-mail on December 15, 2022" that Defendants' former counsel had served the September 23, 2022 Order (ECF No. 32) on Defendants, and (2) requested that Defendants' former counsel file proof of service to that effect.  ECF No. 33.  Defendants' former counsel never filed proof of that service.

Lindsay"[3] seeking additional time so that she could file a motion on the pleadings. ECF No. 34. On

January 30, 2023, Judge Seybert acknowledged that motion was untimely, lacked good cause for its

tardiness, was addressed to the wrong judge, and violated Judge Seybert's Individual Practice Rules.

*See* January 30, 2023 Order. Nonetheless, Judge Seybert "grant[ed] one, **FINAL extension**" until

February 14, 2023 for Plaintiff "to file a motion for judgment on the pleadings." *Id.* Judge Seybert

also ordered that "**PLAINTIFF IS ON NOTICE**: (1) **NO** further extensions shall be granted; and

(2) failure to timely comply with this order **SHALL** result in this case being dismissed pursuant to

Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with

a court order and without further notice." *Id.*

### C.  Plaintiff Files The Instant Motion After The Deadline Set By Judge Seybert And Without Serving It Or Local Civil Rule 56.2 Materials On Defendants

On February 15, 2023 (one day after the aforementioned deadline set by Judge Seybert),

Plaintiff filed the Motion. *See* ECF Nos. 35-40. Plaintiff's counsel acknowledged, as he must, that he

failed to "timely file[] the present motion by yesterday as ordered by [Judge Seybert]." ECF No. 40.

On April 27, 2023, Judge Seybert referred the Motion to the undersigned. *See* April 27, 2023 Order

Referring Motion.

On May 3, 2023, the undersigned issued an order noting that Defendants are proceeding *pro

se*, Defendants have not consented to electronic filings, and it appeared that Plaintiff had not filed

proof of service, as it must, for the Motion and the documents required by Local Civil Rule 56.2. *See*

May 3, 2023 Order (citing Fed. R. Civ. P. 5(a)(1)(D); Local Civ. R. 56.2). For that reason, the

undersigned directed Plaintiff to file a letter by May 5, 2023 stating whether and when she had

previously served the following on Defendants: (1) Plaintiff's motion papers (as required by Federal

---

[3] On January 14, 2019, this case was assigned originally to Magistrate Judge Arlene R. Lindsay. It later was reassigned first to Magistrate Judge James M. Wicks on October 15, 2021, and then to the undersigned on June 7, 2022. *See* October 15, 2021 Order Reassigning Case; June 7, 2023 Notice Of Reassignment.

Rule of Civil Procedure 5(a)(1)(D)), (2) the Notice To Pro Se Litigant Who Opposes A Motion For Summary Judgment (as provided in and required by Local Civil Rule 56.2), (3) the text of Federal Rule of Civil Procedure 56 (as required by Local Civil Rule 56.2), and (4) the text of Local Civil Rule 56.1 (as required by Local Civil Rule 56.2). *Id.*

On May 5, 2023, Plaintiff's counsel filed a letter stating "[w]e have experienced delays in obtaining and confirming the *Pro Se* defendant[s'] current address for service of the required summary judgment motion papers and requisite accompanying documents pursuant to Your Honor's instructions." ECF No. 41. On May 8, 2023, the undersigned directed Plaintiff's counsel to file a letter by 4:30 PM the next day that actually responds to the Court's direct inquiry posed in the May 3, 2020 Order, and also addresses whether and when Plaintiff previously complied with Judge Seybert's directive to serve a copy of the December 19, 2022 Scheduling Order upon Defendants. *See* May 8, 2023 Order.

On May 9, 2023, Plaintiff's counsel admitted that "Plaintiff has not yet served the *Pro Se* defendants with the motion papers at Docket Entries 35-40, nor has Plaintiff served the scheduling order entered by Judge Seybert on December 19, 2022." ECF No. 42; *see also id.* (acknowledging that Plaintiff "fail[ed] to effect the required service of th[os]e papers" and that Plaintiff's prior letter (ECF No. 41) "fail[ed] to directly address the specific inquiry in Your Honor's Order dated May 3, 2023"). Plaintiff's counsel then requested an extension of time to serve those papers given his self-described "oversight." *Id.*

## III.    LEGAL STANDARDS

### A.    Serving Summary Judgment Papers And Required Notices

Federal Rule of Civil Procedure 5 requires that all written motions, except those that may be heard *ex parte* or are otherwise excepted in the Rules, "must be served on every party." Fed. R. Civ. P. 5(a)(1)(D). Service must be accomplished in a manner provided in Federal Rule of Civil Procedure

5(b).  *See* Fed. R. Civ. P. 5(b).  A party must file a certificate of service with its electronic filing where, as here, the persons to be served have not consented to receive electronic notifications of filings.  Fed. R. Civ. P. 5(d)(1)(B).  "In so doing, Rule 5 seeks to insure a full exchange of the written communications among the litigants so that each party has a copy of all papers affecting the case." *Reid v. Dan Yant, Inc.*, No. 15-CV-2358, 2018 WL 8014197, at *1 (E.D.N.Y. Oct. 25, 2018) (internal quotations omitted).  Filings subject to this rule have no effect until they are properly served.  *See International Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir.1977) (holding that an amended complaint requiring service under Fed. R. Civ. P. 5(a) is "in an 'inchoate state' until served"); *McNally v. O'Flynn*, No. 09-CV-621S, 2010 WL 891151, at *2 (W.D.N.Y. Mar. 10, 2010) ("Until served, a pleading or motion has no effect.").

In addition, "[t]he failure to give actual notice to a pro se litigant of the consequences of not responding adequately to a summary judgment motion will usually constitute grounds for vacatur." *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009); *see Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiuam) (noting that the failure to "apprise pro se litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.").  This is because "it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999).  Consistent with that principle, Local Civil Rule 56.2 requires represented summary judgment movants in this district to "serve the pro se litigant with a form notice regarding the procedure for opposing summary judgment." *Hinds v. Chexsystem Consumer Rels.*, No. 14-CV-0342, 2015 WL 5794256, at *1 (E.D.N.Y. Sept. 30, 2015) (Seybert, J.).  Specifically, that local rule requires the movant to serve with the summary judgment motion (1) the Notice To Pro Se Litigant Who Opposes A Motion For Summary Judgment, which is provided in Local Civil Rule 56.2; (2) the text of Rule Federal Rule of

Civil Procedure 56, which governs motions for summary judgment; and (3) the text of Local Civil

Rule 56.1, which provides the procedure for addressing material facts.  *See* Local Civ. R. 56.2.

### B.    Summary Judgment

Summary judgment must be granted when there is "no genuine dispute as to any material fact

and the movant[s] [are] entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "No genuine

dispute of material fact exists when the record taken as a whole could not lead a rational trier of fact to

find for the non-moving party."  *McKinney v. City of Middletown*, 49 F.4th 730, 737 (2d Cir. 2022)

(internal quotations omitted).  "The moving party bears the initial burden of showing that there is no

genuine dispute as to a material fact." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018) (internal

quotations omitted).  With respect to issues for which the burden of proof falls on the nonmoving

party, the movant can merely "point[] to a lack of evidence to go to the trier of fact on an essential

element of the nonmovant's claim."  *Id*. (internal quotations and alterations omitted).  Once the

moving party carries its burden, "the nonmoving party must come forward with evidence that would

be sufficient to support a jury verdict in its favor."  *McKinney*, 49 F.4th at 738 (internal quotations

omitted).  In this analysis, the Court must "construe the evidence in the light most favorable to the

non-moving party and draw all reasonable inferences in its favor."  *ING Bank N.V. v. M/V Temara*,

892 F.3d 511, 518 (2d Cir. 2018).  Critically, "[t]he role of the district court on summary judgment is

'not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried.'"

*McKinney*, 49 F.4th at 738 (quoting *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011)).

### C.    Defendants' Pro Se Status

A court considering a motion for summary judgment must afford "special solicitude" to a *pro*

*se* litigant.  *Berry v. Marchinkowski*, 137 F. Supp. 3d 495, 522 (S.D.N.Y. 2015) (quoting *Graham v.*

*Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988)).  To that end, the Court must "liberally construe" the *pro*

*se* litigant's filings and "read[] such submissions to raise the strongest arguments they suggest."

*McLeod v. Jewish Guild For The Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).  The duty to liberally construe those filings "is not the equivalent of a duty to re-write [them]." *Williams v. Richardson*, 425 F. Supp. 3d 190, 201 (S.D.N.Y. 2019) (internal quotations omitted).  This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *McLeod*, 864 F.3d at 156 (quoting *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007)).  Nonetheless, "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *E.g.*, *Peavey v. A. Rosenblum, Inc.*, 793 F. Supp. 2d 590, 594 (E.D.N.Y. 2011) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *see Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law.").  At bottom, a pro se party's filings must, construed liberally, still satisfy "the usual requirements of summary judgment." *Houston v. Teamsters Local 210, Affiliated Health & Ins. Fund-Vacation Fringe Ben. Fund,* 27 F. Supp. 3d 346, 351 (E.D.N.Y. 2014) (internal quotations omitted).

## IV.    DISCUSSION

### A.    The Motion Should Be Denied For Failure Of Service

As explained above, "[a]ny motion made in writing, other than ex parte motions, must be served on the other party . . . ." *Phx. Glob. Ventures, LLC v. Phx. Hotel Assocs., Ltd.*, 422 F.3d 72, 75-76 (2d Cir. 2005) (citing Fed. R. Civ. P. 5(a), (d)); *see Winter v. Pinkins*, No. 14-cv-8817, 2017 WL 11768006, at *1 (S.D.N.Y. Oct. 20, 2017) (Sullivan, J.) ("The Federal Rules of Civil Procedure require notice and that motion papers be served on an opposing party." (citing Fed. R. Civ. P. 5(a)(1)(D))).  That requirement, of course, applies to motions for summary judgment. *See Sanders v. N.Y.C. Dep't of Corr.*, 376 F. App'x 151, 152 (2d Cir. 2010) (finding a summary judgment motion

was properly served on a *pro se* party under Fed. R. Civ. P. 5).

Plaintiff's counsel acknowledges (as he must) that this service requirement applies to the Motion.  *See* ECF No. 42 (recognizing that the Motion is "required" to be served on Defendants).  Yet Plaintiff's counsel concedes he "has not yet served the *Pro Se* defendants with the motion papers at Docket Entries 35-40."[4]  *Id.*  Plaintiff's admitted failure to serve the Motion on Defendants mandates denial of the Motion without prejudice.[5]  *See McNally v. O'Flynn*, No. 09-CV-621, 2010 WL 891151, at *2 (W.D.N.Y. Mar. 10, 2010) (denying summary judgment motion without prejudice for failure of service); *see also Winter*, 2017 WL 11768006, at *1-2 (affirming denial of motion without prejudice for failure of service); *Renzello v. Nelson*, No. 05-CV-00153, 2015 WL 5177778, at *1 (D. Vt. Sept. 4, 2015) (similar); *accord Triantos v. Guaetta & Benson, LLC*, 52 F.4th 440, 447 (1st Cir. 2022) (finding motion was improperly granted because it was not served).

**B.     The Motion Should Be Denied Due To Plaintiff's Failure To Inform *Pro Se* Defendants About The Consequences Of Failing To Respond To The Motion**

The Court also recommends denial of the Motion even if it had been served on Defendants. As noted above, "[t]he failure to give actual notice to a pro se litigant of the consequences of not responding adequately to a summary judgment motion will usually constitute grounds for vacatur." *Jova*, 582 F.3d at 414.  "Such a failure does not require dismissal if, considering the 'nature of the papers submitted by the litigant and the assertions made therein as well as the litigant's participation

---

[4] It bears repeating that Plaintiff's counsel also admits he has not served "the scheduling order entered by Judge Seybert on December 19, 2022" wherein the Court authorized Plaintiff to move for dispositive relief and directed Plaintiff to serve a copy of that order upon Defendants "forthwith."  ECF No. 42; December 19, 2022 Scheduling Order.

[5] Rule 5 provides an exception (for filings other than a pleading asserting a new claim for relief) that "[n]o service is required on a party who is in default for *failing to appear*."  Fed. R. Civ. P. 5(a)(2) (emphasis added).  Under that Rule, a party has failed to appear when it has not "appear[ed] within the time proscribed for answering or otherwise responding to the complaint." *John the Greek Co. v. Eaternity, LLC*, No. 16-CV-919, 2019 WL 1261409, at *3 (E.D.N.Y. Jan. 18, 2019) (quoting *Allstate Ins. Co. v. Yadgarov*, No. 11-CV-6187, 2014 WL 860019, at *6 (E.D.N.Y. Mar. 5, 2014)), *report and recommendation adopted*, 2019 WL 13322316 (E.D.N.Y. Feb. 19, 2019) (Seybert, J.).  That service exception does not apply here because Defendants timely appeared by answering the complaint.  *See* ECF No. 9 (executed summonses reflecting Defendants' answer was due on May 6, 2019); ECF No. 11 (Defendants' answer filed on May 6, 2019); *see also* ECF No. 42 (Plaintiff admitting she was "required" to serve the Motion on Defendants).

in proceedings before the District Court,' the record 'makes clear that the litigant understood the nature and consequences of summary judgment.'" *Nationstar Mortg., LLC v. Hunte*, 775 Fed. App'x 20, 21 (2d. Cir. 2019) (quoting *Vital*, 168 F.3d at 621).

As a result of (1) Plaintiffs' admitted failure to serve upon the *pro se* Defendants Judge Seybert's December 19, 2022 Scheduling Order authorizing dispositive motion practice, the documents required by Local Civil Rule 56.2, and any similar materials; and (2) the *pro se* Defendants' resulting absence from the instant summary judgment motion practice, "the record does not make clear that [Defendants] understood the nature or consequences of a summary judgment motion." *Nationstar Mortg.*, 775 Fed. App'x at 21 (internal quotations and alterations omitted) (reaching this conclusion where plaintiff failed to notify *pro se* defendant of the nature and consequences of summary judgment, and defendant failed to provide a Local Civ. R. 56.1 statement or evidence in opposition to summary judgment); *see McPherson v. Coombe*, 174 F.3d 276, 282 (2d Cir. 1999) (reversing grant of summary judgment because the *pro se* party was not notified about, and the record did not indicate he otherwise understood, the operation of Fed. R. Civ. P. 56); *Vital*, 168 F.3d at 621 (same); *Williams v. Bayview Loan Servicing, LLC*, No. 14-CV-7427, 2018 WL 11169388, at *3 (E.D.N.Y. Oct. 29, 2018) (denying summary judgment motion without prejudice where movant failed to comply with Local Civ. R. 56.2 and the record did not reflect *pro se* nonmovant otherwise understood Fed. R. Civ. P. 56; collecting cases that did the same).[6] In fact, there is no evidence in the record that Defendants are even aware of the pending Motion.

---

[6] *Jova* illustrates when the Court may excuse a represented summary judgment movant's failure to notify the opposing *pro se* party about the operation of Federal Rule of Civil Procedure 56. *See* 582 F.3d at 414. In that case, the Second Circuit found that the failure to notify the *pro se* party about the operation of Federal Rule of Civil Procedure 56 was a harmless error because the *pro se* party demonstrated familiarity with the summary judgment process by cross-moving for summary judgment, submitting over 300 pages in opposition to the original summary judgment motion, and "attempt[ing] thoroughly" to dispute material facts. *Id.*

## V.    CONCLUSION

For the reasons set forth above, the undersigned recommends that the Court deny Plaintiff's summary judgment motion without prejudice.  Plaintiff's counsel is directed to serve a copy of this Report And Recommendation upon Defendants and file proof of service forthwith.

## VI.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Seybert.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS.  *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED:

Dated:  Central Islip, New York
        May 12, 2023

s/ Lee G. Dunst
_____

**LEE G. DUNST**
United States Magistrate Judge