UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X
CARMEN YANES, individually on
behalf of herself and all other
persons similarly situated,                    MEMORANDUM & ORDER
                                               19-CV-0201 (JS)(LGD)
                Plaintiff,

     -against-

JUAN & JON Inc., doing business
as Juan and Jon; and JUAN CARLOS
DE LOS SANTOS,

                Defendants.
------------------------------X
APPEARANCES
For Plaintiff:          Michael Samuel, Esq.
                        Andrew D. Beresin, Esq.
                        The Samuel Law Firm
                        1441 Broadway, Suite 6085
                        New York, New York  10018

For Defendant:          No appearances[1]
Juan & Jon Inc.


For Defendant:          Pro Se
Juan Carlos De Los
Santos

SEYBERT, District Judge:

          Carmen Yanes ("Plaintiff") moves, pursuant to Rule 56(a)

of the Federal Rules of Civil Procedure, for summary judgment

(hereafter, the "Motion") (ECF No. 45) against Juan & Jon Inc.

("J&J") and Juan Carlos De Los Santos ("Santos", and together with

---

[1] On September 23, 2022, Counsel for Defendants Juan & Jon Inc.
were granted permission to withdraw their appearance.  (See Min.
Entry, ECF No. 31.)  To date, Defendant Juan & Jon Inc. has not
retained new counsel (see Case Docket, in toto.)

J&J the "Defendants").  For the reasons that follow, Plaintiff's
Motion is GRANTED IN PART AND DENIED IN PART.

BACKGROUND[2]

J&J is a New York corporation with its principal place
of business "at 4 Welwyn Road, Great Neck, New York."  (56.1 Stmt.
¶ 1.)  J&J "operated a dry cleaner and laundry business at that
address during the period of Plaintiff's employment."  (Id. ¶ 2.)
During the relevant time period, Santos was an owner of J&J.  (Id.
¶ 4.)  Santos "was involved in the day-to-day operations" of J&J
"and played an active role in managing the business."  (Id. ¶ 6.)
As part of his role, Santos "had the power to hire and fire
employees at . . . [J&J], set wages and schedules, and maintain
employee records."  (Id. ¶ 5.)

Plaintiff was employed by J&J from 2012 to approximately
March 2018 "as a presser and cleaner."  (Id. ¶ 7-9.)  Plaintiff
was paid "$300 weekly . . . by check."  (Id. ¶ 10.)  Plaintiff

---

[2] The facts set forth herein are taken from Plaintiff's Local Rule
56.1 Statement of Material Facts, and, to the extent those facts
are supported by evidence in the record, they are accepted as true.
See Vt. Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co., 373 F.3d 241,
244, 246 (2d Cir. 2004) ("Although the failure to respond may allow
the district court to accept the movant's factual assertions as
true, . . . the moving party must still establish that the
undisputed facts entitle him to a judgment as a matter of law")
(citation and internal quotations omitted); see also Giannullo v.
City of N.Y., 322 F.3d 139, 143 n.5 (2d Cir. 2003) (stating failure
to verify assertions in the motion for summary judgment with the
record "would derogate the truth-finding functions of the judicial
process by substituting convenience for facts").

2

"worked five days per week throughout her employment."  (Id. ¶ 12.)
Plaintiff "worked 52.5 hours per week throughout her employment",
from Monday through Friday, "from 7:30 AM until 6:00 PM."  (56.1
Stmt. ¶ 14; Yanes Decl., ECF No. 47, ¶ 9.)  Defendant provided a
punch clock for employees to track their time.  (Yanes Decl. ¶ 12;
see also Answer, ECF No. 11, ¶ 1 (admitting allegation #31 of the
Complaint).)  Plaintiff alleges she "never received any overtime
premium pay for her hours [worked] in excess of forty hours in a
week."  (56.1 Stmt. ¶ 16.)  Likewise, Plaintiff avers she neither
received "premium 'spread of hours' pay for days when she worked
shifts longer than 10 hours from start to finish", (id.  ¶ 17),
nor "a notice from Defendants describing the parameters of her
pay."  (Id. ¶ 18.)


PROCEDURAL HISTORY

         For a thorough recitation of the procedural background
of this case, the Court refers the parties to the May 12, 2023,
Report & Recommendation (the "R&R") of Magistrate Judge Dunst
("Judge Dunst"), which the Court incorporates by reference herein.
See Yanes v. Juan & Jon Inc., No. 19-CV-0201, 2023 WL 5152510, at
*2-4 (E.D.N.Y. May 12, 2023).[3]  The Court adds the following.

_____

[3] Judge Dunst's R&R is also available on the case docket at ECF
No. 43.

On May 12, 2023, Judge Dunst issued his R&R, which recommended the Court deny without prejudice Plaintiff's first motion for summary judgment for, inter alia, failure to serve said Motion on the pro se Defendants. (See R&R 9-10, 12.)  On June 20, 2023, after highlighting that neither party objected to the R&R, this Court adopted it in its entirety (the "Adoption Order") via Electronic Order.  (See Adoption Order.)  As part of its Adoption Order, the Court directed Plaintiff to renew her summary judgment motion on or before July 31, 2023.  (Id.)  The Court placed Plaintiff on notice that "failure to timely file a renewed Summary Judgment Motion [would] result in [her] case being dismissed[] pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (Id.)

Consistent with the Court's directive, on July 26, 2023, Plaintiff filed the instant Motion.  (See generally Motion; Support Memo, ECF No. 48.)  Additionally, Plaintiff filed: (1) a Rule 56.1 Statement; and (2) a sworn declaration attesting to the events giving rise to this case.  Likewise, Plaintiff's attorney of record signed, and filed, a Certificate of Service affirming that he had served: a true and correct copy of: (i) Plaintiff's Motion (ii) Judge Dunst's R&R; (iii) this Court's Adoption Order; (iv) the required Notice to Pro Se Litigant pursuant to Local Rule 56.2; (v) "the full text of Federal Rule of Civil Procedure 56"; and (vi) "the full text of Local Rule 56.1".  (See Certificate of

Service, ECF No. 49.)   Service was made "by mailing all aforementioned documents in a sealed envelope, with postage prepaid thereon, in a post office within the State of New York, addressed to the defendants, [J&J] . . . and Santos . . . at 4 Welwyn Road, Great Neck, New York, 11021". (Id.)  Despite proper service of Plaintiff's Motion, neither Defendant has filed any response (see Case Docket, in toto).

Plaintiff's Complaint raises six causes of action:

1) Count One: Failure to compensate Plaintiff at a rate equal to the federal minimum wage in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 206 (see Complaint ¶¶ 42-47);

2) Count Two: Failure to pay Plaintiff the correct overtime premiums for hours worked more than 40 in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a) (see id. ¶¶ 48-53);

3) Count Three: Failure to pay compensation at the statutory minimum wage in violation of the New York Labor Law ("NYLL") §§ 190-199, 652 and their regulations (see id. ¶¶ 54-58);

4) Count Four:  Failure to pay Plaintiff overtime compensation at a rate of at least one-and-one-half times her regular rate of pay in violation of NYLL § 650

<u>et seq</u>. and its supporting regulations in 12 N.Y.C.R.R. § 142 (<u>see</u> <u>id.</u> ¶¶ 59-63);

5) Count Five:  Failure to pay Plaintiff a "spread of hours" premium for days she worked a shift lasting more than ten hours in violation of NYLL § 650 <u>et seq</u>. and its regulations in 12 N.Y.C.R.R. § 146-1.6 (<u>see</u> <u>id.</u> ¶¶ 64-68); and

6) Count Six:  Failure to provide Plaintiff with her (i) wage notices; and (ii) weekly wage statements as required by the Wage Theft Prevention Act ("WTPA") (<u>see</u> <u>id.</u> ¶¶ 69-74.)

<u>DISCUSSION</u>

I.  <u>Legal Standard</u>

Pursuant to Rule 56(a), "[a] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<sub>ED</sub>. R. C<sub>IV</sub>. P. 56(a).  "A fact is 'material' for these purposes when it might affect the outcome of the suit under the governing law." <u>Adamson v. Miller</u>, 808 F. App'x 14, 16 (2d Cir. 2020).  Additionally, "'[a]n issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" <u>Id.</u> (quoting <u>Jeffreys v. City of N.Y.</u>, 426 F.3d 549, 553 (2d Cir. 2005)).  "If, as to the issue on which summary judgment is sought, there is any evidence in the record

from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." <u>Hetchkop v. Woodlawn at Grassmere, Inc.</u>, 116 F.3d 28, 33 (2d Cir. 1997). Moreover, "the court is not to make assessments of the credibility of witnesses" on a motion for summary judgment, as "[c]redibility assessments, choices between conflicting versions of events, and weighing of the evidence are matters for the jury." <u>Id.</u>

On a motion for summary judgment, the court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." <u>Nnebe v. Daus</u>, 644 F.3d 147, 156 (2d Cir. 2011).

In reviewing the record, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Sheet Metal Workers' Nat'l Pension Fund v. Vardaris Tech. Inc.</u>, No. 13-CV-5286, 2015 WL 6449420, at *2 (E.D.N.Y. Oct. 23, 2015) (quoting <u>McLee v. Chrysler Corp.</u>, 109 F.3d 130, 134 (2d Cir. 1997)). When drawing inferences from evidence in the record in favor of the non-moving party, however, a court should not accord the non-moving party the benefit of "unreasonable inferences, or inferences at war with undisputed facts." <u>Berk v. St. Vincent's Hosp. & Med. Ctr.</u>, 380 F. Supp. 2d 334, 342 (S.D.N.Y. 2005)

(quoting <u>County of Suffolk v. Long Island Lighting Co.</u>, 907 F.2d 1295, 1318 (2d Cir. 1990)).

"Once the movant has 'demonstrat[ed] the absence of a genuine issue of material fact . . . the onus shifts to the party resisting summary judgment to present evidence sufficient to satisfy every element of the claim.'" <u>Pennington v. D'Ippolito</u>, 855 F. App'x 779, 781 (2d Cir. 2021) (alteration in original) (quoting <u>Holcomb v. Iona Coll.</u>, 521 F.3d 130, 137 (2d Cir. 2008)). To do this, "[t]he non-moving party is required to 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" <u>Id.</u>

II. <u>Analysis</u>

A. <u>Plaintiff's FLSA Claims</u>

To establish liability under the FLSA, Plaintiff must prove: "(1) the defendant is an employer subject to . . . [the] FLSA; (2) the plaintiff is an 'employee' within the meaning of . . . [the] FLSA; and (3) the employment relationship is not exempted from . . . [the] FLSA." <u>Sanchez v. Ms. Wine Shop Inc.</u>, 643 F. Supp. 3d 355, 366 (E.D.N.Y. 2022) (quoting <u>Payamps v. M&M Convenience Deli & Grocery Corp.</u>, No. 16-CV-4895, 2018 WL 3742696, at *4 (E.D.N.Y. May 18, 2018)).

1. <u>Plaintiff Has Not Established Defendants Are Employers Subject to the Provisions of the FLSA</u>

"An employer is subject to both the minimum wage and overtime provisions of the FLSA if (1) their employees are 'engaged in commerce,' or (2) the employer is an 'enterprise engaged in commerce.'" <u>Id.</u> at 366-67 (quoting 29 U.S.C. §§ 206, 207). "These two types of coverage are called 'individual' and 'enterprise' coverage, respectively." <u>Jacobs v. N.Y. Foundling Hosp.</u>, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007), <u>aff'd</u>, 577 F.3d 93 (2d Cir. 2009).

"An individual employee is 'engaged in commerce or in the production of goods for commerce . . . regardless of whether his or her employer is an enterprise . . . when they are performing work involving or related to the movement of . . . things . . . between states.'" <u>Kim v. J&J Safetymate Corp.</u>, No. 22-CV-1070, 2024 WL 734130, at *4 (E.D.N.Y. Feb. 2, 2024), <u>report & recommendation adopted</u>, 2024 WL 730491 (E.D.N.Y. Feb. 22, 2024) (quoting <u>N.Y. Foundling Hosp.</u>, 483 F. Supp. 2d at 257); <u>see also</u> <u>Ethelberth v. Choice Sec. Co.</u>, 91 F. Supp. 3d 339, 354 (E.D.N.Y. Feb. 27, 2015) ("To be 'engaged in commerce' . . . '[t]he plaintiff must work 'in the channels' of 'interstate or foreign commerce,' or 'in activities so closely related to this commerce, as to be considered a part of it,' [for example] 'regular[] use [of] the mails, telephone or telegraph for

interstate communication'; [or] 'regular[] travel across State
lines while working.'" (quoting 29 C.F.R. § 779.103)).   "For
individual coverage to be established, the employee's work
involving interstate commerce must be substantial." Qi v. Bayside
Chicken Lovers Inc., No. 21-CV-6018, 2023 WL 2632494, at *5
(E.D.N.Y. Mar. 24, 2023) (Brodie, J.) (citing Jones v. SCO Family
of Servs., 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016)).   The burden
of establishing individual coverage rests upon the employee.   Id.
(citing Owusu v. Corona Tire Shop, Inc., No. 09-CV-3744, 2013 WL
1680861, at *3 (E.D.N.Y. Apr. 17, 2013)).   "To determine whether
an individual employee is engaged in commerce, courts conduct a
fact-specific inquiry into the employment actions of each and every
employee asserting a claim under the Act." N.Y. Foundling Hosp.,
483 F. Supp. 2d at 257.

     "Enterprise coverage exists where an employer has
(1) 'employees engaged in commerce or in the production of goods
for commerce'; and (2) an 'annual gross volume of sales made or
business done' equal to or greater than $500,000." Yang v. Zhou's
Yummy Rest., Inc., No. 19-CV-5203, 2023 WL 2347885, at *5 (E.D.N.Y.
Mar. 3, 2023) (citing 29 U.S.C. § 203(s)(1)(A)).

     Plaintiff's argument as to why Defendants are covered
employers under the FLSA is limited to a single paragraph which
states, "Defendants' business used goods and materials that had
moved in interstate commerce." (Support Memo at 5.)   Under such

10

representations it is difficult to ascertain exactly which theory of coverage Plaintiff contends applies in her case.  Regardless, whichever theory Plaintiff proceeds under, she has not established she is entitled to judgment as a matter of law on this point. First, as to enterprise coverage, the record is devoid of evidence establishing that J&J has an annual gross volume of sales made, or business done equal to or exceeding, $500,000.

Second, as to individual coverage, Plaintiff points to no facts or evidence in the record establishing that her work as a cleaner/presser qualifies as work in the channels of interstate commerce.  Plaintiff cites to <u>Locke v. St. Augustine's Episcopal Church</u> for the proposition that "cleaning products handled by custodians have been moved in or produced for commerce."  (Support Memo at 5.)  But the court in <u>Locke</u> found this, by itself, was insufficient to establish individual coverage.  690 F. Supp. 2d 77, 89-91 (E.D.N.Y. Mar. 3, 2010) (finding plaintiff that regularly "purchased cleaning supplies in a recurrent and frequent manner" could not establish individual coverage under the FLSA where plaintiff purchased the goods from local, rather than out-of-state vendors).  <u>Cf.</u> <u>Boekemeler v. Fourth Universalist Soc'y in the City of N.Y.</u>, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000) (finding individual coverage, based on fact plaintiff "order[ed] cleaning supplies and equipment for the Church from out-of-state vendors," which led to "delivery made across state lines").

In view of the foregoing, Plaintiff has not met her burden in establishing Defendants are employers subject to the provisions of the FLSA.[4]

B. Plaintiff's NYLL Claims

To recover under the NYLL, Plaintiff must first prove she was an "employee" and Defendants were "employers" "as defined by the statute and accompanying regulations." Ethelberth, 91 F. Supp. 3d at 360. The NYLL defines an "employee" as "any individual employed or permitted to work by an employer in any occupation" subject to certain exceptions. N.Y. Lab. Law § 651(5). "The NYLL's definition of an employer is broader than that contained in the FLSA, reaching 'any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer.'" Ethelberth, 91 F. Supp. 3d at 360 (quoting N.Y. Lab. Law § 650; 12 N.Y.C.R.R. § 142-2.2). Additionally, "the NYLL is significantly more expansive in its coverage of private employers insofar as it 'does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the

---

[4] Since the Court finds Plaintiff has not established Defendants are employers subject to the provisions of the FLSA, via either enterprise or individual coverage, it does not address Plaintiff's argument that Santos is a joint employer who should be held jointly and severally liable for any FLSA violations. See Jones, 202 F. Supp. 3d at 352 n.5 (noting where plaintiff's enterprise and individual coverage claims had failed, "the claims for liability against the [individual] Management Defendants fail[ed] as well").

law.'"   Remache v. Mac Hudson Grp., No. 14-CV-3118, 2018 WL
4573072, at *5 (E.D.N.Y. Sept. 7, 2018), report & recommendation
adopted, 2018 WL 4568860 (E.D.N.Y. Sept. 24, 2018) (quoting Garcia
v. Badyna, No. 13-CV-4021, 2014 WL 4728287, at *6 (E.D.N.Y. Sept.
23, 2014)); see also Santillan v. Henao, 822 F. Supp. 2d 284, 292
(E.D.N.Y. 2011) ("[T]he Labor Law 'does not require a plaintiff to
show either a nexus with interstate commerce or that the employer
has any minimum amount of sales[.]'" (quoting Chun Jie Yin v. Kim,
No. 07-CV-1235, 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008))).

Here, Plaintiff's sworn declaration establishes she was
employed by Defendants "as a presser and cleaner" at their
laundromat "located at 4 Welwyn Road . . . New York" from 2012
until approximately March 2018. (Yanes Decl. ¶¶ 5-9.) The Court
finds Plaintiff's uncontradicted sworn statement is sufficient to
establish the existence of an employee-employer relationship for
purposes of the NYLL.

C. From December 31, 2013, Onwards, Plaintiff has
Established Defendants Paid her Less than the Statutory
Minimum Wage

"The NYLL minimum wage provision requires that employees
be paid at least the statutory minimum wage for each hour that
they work." J&J Safetymate Corp., 2024 WL 734130, at *8. From
2012 through December 31, 2013, the statutory minimum wage under
the NYLL was $7.25 per hour. N.Y. Lab. Law § 652(1); 29 U.S.C.
§ 206(a)(1). The minimum wage rose to: $8.00 per hour in 2014,

$8.75 per hour in 2015; $9.00 per hour in 2016; and $10.00 in 2017.[5] (Id.) "Under New York regulations, an employee's 'regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of [forty] hours or the actual number of hours worked by that employee during the work week.'" Leon Neri v. Abi Japanese Rest., Inc., No. 20-CV-0581, 2021 WL 6804252, at *6 (E.D.N.Y. Nov. 29, 2021) (quoting 12 N.Y.C.R.R. § 146-3.5).

Here, Plaintiff's Declaration establishes she was paid a flat wage of $300.00 per week. (Yanes Decl. ¶¶ 11.) This yields an hourly rate of $7.50. While this figure exceeds the statutory minimum for the years 2012 through December 31, 2013, from December 31, 2013, onwards, Plaintiff has established she was paid a lower hourly wage than the applicable statutory minimum. Consequently, Plaintiff has met her burden in establishing her entitlement to summary judgment on her minimum wage claims for the years 2014 through March 2018.

---

[5] Plaintiff argues the minimum wage in 2017 was $10.50 per hour; however, this rate applied only to small employers located in New York city. See N.Y. Lab. Law § 652(ii). As per Plaintiff's Declaration, Defendants' business was located in Great Neck, Nassau County, which is outside the city's boundaries. (See Yanes Decl. ¶ 5.) In 2017, as per NYLL 652(b), the minimum wage for every employer in Nassau County $10.00 per hour. N.Y. Lab. Law § 652(b).

14

D. Plaintiff is Entitled to an Award of Overtime Wages
for Each Hour Worked More Than Forty

"[T]he NYLL . . . requires that employees be compensated
for overtime at 'one and one-half times the employee's regular
rate in the manner and methods provided in' the FLSA." Ms. Wine
Shop Inc., 643 F. Supp. 3d at 370 (quoting 12 N.Y.C.R.R.
§ 142-2.2). "Accordingly, to establish liability for an overtime
claim, the 'plaintiff must sufficiently allege 40 hours of work in
a given workweek as well as some uncompensated time in excess of
the 40 hours.'" J&J Safetymate Corp., 2024 WL 734130, at *8
(quoting Lundy v. Cath. Health Sys. of Long Island Inc., 711 F.3d
106, 114 (2d Cir. 2013)); see also Gamero v. Koodo Sushi Corp.,
272 F. Supp. 3d 481, 499 (S.D.N.Y. 2017) ("Both the FLSA and the
NYLL . . . require employers to pay overtime.  The requirement
under both statutes is the same: Once an employee works 40 hours
in a week, [she] must be paid 'one and one-half times [her] regular
rate' for all excess hours.") (citations omitted)).

Here, as previously stated, it is undisputed Plaintiff
worked 52.5 hours per week.  (Yanes Decl. ¶¶ 9-10.)  Yet, Plaintiff
did not receive any extra compensation for the hours she worked
beyond 40 hours.  (Id. ¶ 13.)  Plaintiff's submission of a sworn
declaration averring to these facts suffices to meet her burden in
establishing Defendants' liability for overtime violations under
New York Law.  Consequently, for all hours worked more than 40 in

a one-week period, Plaintiff is entitled to overtime at one one-half her hourly rate.  <u>See</u> 12 N.Y.C.R.R. §§ 142-2.2, 146-1.4.

       E. <u>Plaintiff is Entitled to Summary Judgment on her Spread of Hours Claim</u>

New York law provides that "[o]n each day on which the spread of hours exceeds [ten], an employee shall receive one additional hour of pay at the basic minimum hourly rate." 12 N.Y.C.R.R. § 146-1.6(a).  The term "spread of hours" is defined as "the length of the interval between the beginning and end of an employee's workday," and includes "working time plus time off for meals plus intervals off duty."  <u>Id.</u>

Here, Plaintiff's Declaration establishes she worked five days per week for ten-and-a-half hours per day.  (Yanes Decl. ¶ 9.)  As such, Plaintiff was entitled to receive an additional hour of pay for every day she worked more than ten hours. Yet, Plaintiff did not receive this additional hour of pay.  (<u>Id.</u> ¶ 14.) Consequently, Plaintiff's has established Defendants' liability on her spread of hours claim.

       F. <u>Plaintiff is Entitled to an Award of Liquidated Damages</u>

The NYLL also provides for additional recovery in the form of liquidated damages for unpaid overtime compensation and regular wages "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law."  <u>Pinzon v. 467 Star Deli Inc.</u>, No. 22-CV-6864, 2023 WL

5337617, at *10 (S.D.N.Y. July 31, 2023), report & recommendation adopted, 2023 WL 5334757 (S.D.N.Y. Aug. 18, 2023) (quoting Xochimitl v. Pita Grill of Hell's Kitchen, Inc., No. 14-CV-0234, 2016 WL 4704917, at *15 (S.D.N.Y. Sept. 8, 2016), report & recommendation adopted, 2016 WL 6879258 (E.D.N.Y. Nov. 21, 2016)); see also Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 47 (E.D.N.Y. Mar. 19, 2015) ("Under the NYLL, 'liquidated damages are presumed unless defendants can show subjective good faith.'" (quoting Zubair v. EnTech Eng'g, P.C., 900 F. Supp. 2d 355, 360 n.3 (S.D.N.Y. 2012))).

Defendants have failed to respond to Plaintiff's Motion despite proper service and the opportunity to do so. (See Case Docket, in toto). Here, it is appropriate for the Court to analogize Defendants' failure to respond to Plaintiff's Motion to cases in which a defendant defaults. In default cases, courts find defendants liable under the NYLL for liquidated damages since, without a response, the defendants cannot carry their burden in demonstrating good faith. See, e.g., Pinzon, 2023 WL 5337617, at *10 ("Having defaulted, Defendants have not carried their burden of demonstrating good faith under the NYLL."); Fermin, 93 F. Supp. 3d at 47 ("As Defendants have not appeared, they have not established good faith to rebut the liquidated damages presumption."). Consequently, Plaintiff's request for summary judgment on her request for a liquidated damages award is granted.

17

G. <u>Plaintiff Lacks Article III Standing to bring Her WTPA Claims</u>

Pursuant to Section 195(1) of the WTPA, employers are required "to provide employees with a notice at the time of hiring containing 'the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; [and] allowances, if any, claimed as part of the minimum wage[.]" <u>Munoz v. Grp. U.S. Mgmt.</u>, No. 22-CV-4038, 2023 WL 5390204, at *6 (S.D.N.Y. Aug. 22, 2023) (quoting N.Y. Lab. Law 195(1)(a)). Likewise, "Section 195(3) requires employers to provide employees with certain wage statement information 'with every payment of wages.'" <u>Id.</u> (quoting N.Y. Lab. Law § 195(3)). An employer who "fail[s] to comply with these provisions may be liable for damages." <u>Id.</u> "[T]he statutory penalties for violations of Section 195(1) are set forth in Section 198(1-b)[,]" <u>Marin v. Apple-Metro, Inc.</u>, No. 12-CV-5274, 2017 WL 4950009, at *37 n.51 (E.D.N.Y. Oct. 4, 2017), <u>report and recommendation adopted as modified</u>, 2020 WL 6157011 (E.D.N.Y. Oct. 21, 2020), which provides for statutory damages "of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-b). Likewise, the statutory penalties for violations of Section 195(3) are set forth in Section 198(1-d), which provides for statutory damages

"of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."  N.Y. Lab. Law § 198(1-d).

Plaintiff argues "[i]n the instant case, it is undisputed that Defendants violated both the annual notice and the weekly wage statement provisions" of the NYLL, as neither Defendant "provided . . . compliant written notices or paystubs to [Plaintiff] at any point during [her] employment."  (Support Memo at 10.)  This is confirmed by Plaintiff's uncontroverted Declaration (see Yanes Decl. ¶ 15).  Plaintiff avers the establishment of these violations entitle her "to the statutory maximum of $5,000 on [her] paystub claim, and the statutory maximum of $5,000 for [her] wage notice claim, for a total of $10,000."  (Support Memo at 10.)

Here, the Court finds, while Plaintiff's Declaration establishes an injury in law, the establishment of a violation of the WTPA does not, by itself, create a concrete injury-in-fact sufficient for purposes of Article III standing.[6]  Indeed, in the

---

[6] The Court acknowledges that, presently, the issue of whether a violation of the WTPA, by itself, is a concrete injury that establishing Article III standing is an open question within the Second Circuit; further, courts throughout this Circuit have come to differing conclusions on the matter.  See Lipstein v. 20X Hosp. LLC, No. 22-CV-4812, 2023 WL 6124048, at *8 (S.D.N.Y. Sept. 19, 2023) (collecting cases).  "The Second Circuit has not yet addressed this . . . issue."  Id.

default judgment context this Court has previously held that, since the Supreme Court's decision in <u>TransUnion LLC v. Ramirez</u>, absent a demonstration of a technical violation of the WTPA causing a tangible injury greater than the defendants' minimum wage and overtime violations, a plaintiff lacks standing to bring such claims. <u>See</u> <u>Echevarria v. ABC Corp.</u>, No. 21-CV-4959, 2023 WL 5880417, at *6 (E.D.N.Y. Sept. 11, 2023); <u>accord</u> <u>Sokolovsky v. Silver Lake Specialized Care Ctr.</u>, No. 21-CV-1598, 2023 WL 5977298, at *10-11 (E.D.N.Y. Sept. 14, 2023) (Brodie, J) ("To recover for a wage statement violation in federal court, a plaintiff must demonstrate more than just a defendant's contravention of the wage statement provision because 'in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation.'" (quoting <u>Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.</u>, 19 F.4th 58, 64 (2d Cir. 2021))); <u>Guthrie v. Rainbow Fencing Inc.</u>, No. 21-CV-5929, 2023 WL 2206568, at *5 (E.D.N.Y Feb. 24, 2023) ("[Alt]hough the deficiencies in Defendants' provisions of hiring notices may amount to violations of the labor law, neither Plaintiff nor the record demonstrates how those technical violations led to either a tangible injury or something akin to a traditional cause of action, as required by the Supreme Court." (citing <u>Francisco v. NY Tex Care, Inc.</u>, No. 19-CV-1649, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022))).

Consequently, Plaintiff's WTPA claims are <u>sua sponte</u> dismissed for lack of standing. <u>Cf.</u> <u>Abadi v. City of N.Y.</u>, No. 22-CV-1560, 2023 WL 3295949, at *2 (2d Cir. May 8, 2023) (summary order) ("[B]ecause the standing issue goes to this Court's subject matter jurisdiction, it can be raised <u>sua sponte</u>." (quoting <u>Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.</u>, 433 F.3d 181, 198 (2d Cir. 2005))); <u>see also</u> <u>Cent. UTA of Monsey v. Vill. of Airmont, N.Y.</u>, No. 18-CV-1103, 2020 WL 377706, at *10-11 (S.D.N.Y. Jan. 23, 2020) (dismissing certain claims <u>sua sponte</u> for lack of standing; highlighting standing goes to the court's subject matter jurisdiction which can be raised <u>sua sponte</u>); <u>Lichtenberg v. Besicorp Grp., Inc.</u>, 43 F. Supp. 2d 376, 388 (S.D.N.Y. 1999) (stating a court should dismiss claims <u>sua sponte</u> for lack of standing because standing goes to jurisdictional basis of a court's authority to adjudicate disputes).

## H. <u>Plaintiff is Entitled to an Award of Pre-Judgment Interest on her Unpaid Wages</u>

"In contrast to the FLSA, the NYLL permits the award of both liquidated damages and pre-judgment interest." <u>Fermin</u>, 93 F. Supp. 3d at 48 (citing <u>Begum v. Ariba Discount, Inc.</u>, No. 12-CV-6620, 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015)). "This dual availability occurs because New York State views liquidated damages as punitive, and not compensatory, such that pre-judgment interest is not a duplicative damages award." <u>Id.</u> (citing <u>Janus</u>

v. Regalis Constr., Inc., No. 11-CV-5788, 2012 WL 3878113, at *8-9 (E.D.N.Y. July 23, 2012), report & recommendation adopted, 2012 WL 3877963 (E.D.N.Y. Sept. 4, 2012)).  Under New York law, a plaintiff "is entitled to interest on all wages awarded, calculated at a rate of 9% per annum."  Cisneros v. Zoe Constr. Corp., No. 21-CV-6579, 2023 WL 5978702, at *14 (E.D.N.Y. Aug. 10, 2023) (citing N.Y. C.P.L.R. § 5004).  "Where . . . violations of the NYLL occur over an extended period of time, courts have discretion to calculate pre-judgment interest 'upon all of the damages from a single reasonable intermediate date.'"  Id. (citing N.Y. C.P.L.R. § 5001(b)).

Since Plaintiff has prevailed upon her NYLL claims, she is entitled to prejudgment interest at the applicable rate of 9% per annum, to be calculated from August 1, 2015.[7]

I. Plaintiff is Entitled to an Award of Reasonable Attorney's Fees and Costs

Under the NYLL, a prevailing plaintiff is entitled to an award of reasonable costs and attorney's fees.  N.Y. Lab. Law § 663(1); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013) ("Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the

---

[7] The Court has estimated August 1, 2015, to be the approximate midway between January 10, 2013 (the statute of limitations bar date, given this action was commenced January 10, 2019) and March 1, 2018, the approximate last day of Plaintiff's employment (see Complaint ¶ 27.)

FLSA or NYLL."); <u>Morales v. Mw Bronx, Inc.</u>, No. 15-CV-6296, 2016 WL 4084159, at *11 (S.D.N.Y. Aug. 1, 2016) ("Under the . . . NYLL, a prevailing plaintiff is entitled to reasonable attorney's fees and costs.")).  It is the Plaintiff's burden to establish the reasonableness of the fees sought. <u>See</u> <u>Santillan</u>, 822 F. Supp. 2d at 299 (citing <u>Savoie v. Merchants Bank</u>, 166 F.3d 456, 463 (2d Cir. 1999)).

Here, Plaintiff has prevailed on the majority of her NYLL claims, and so, is entitled to an award of reasonable attorney's fees and costs.  The reasonableness of the amount of fees sought shall be determined after Plaintiff submits the required documentation substantiating her requested award.

[Remainder of page intentionally left blank].

<u>CONCLUSION</u>

For the stated reasons, **IT IS HEREBY ORDERED that** Plaintiff's Motion for Summary Judgment (ECF No. 45) is GRANTED IN PART AND DENIED IN PART, to the extent that:

1. Plaintiff's request for summary judgment on Count One of her Complaint is DENIED;

2. Plaintiff's request for summary judgment on Count Two of her Complaint is DENIED;

3. Plaintiff's request for summary judgment on Count Three of her Complaint is GRANTED;

4. Plaintiff's request for summary judgment on Count Four of her Complaint is GRANTED;

5. Plaintiff's request for summary judgment on Count Five of her Complaint is GRANTED; and

6. Count Six of Plaintiff's Complaint is DISMISSED for lack of standing.

**IT IS FURTHER ORDERED** that, <u>by no later than April 8, 2024</u>, Plaintiff is directed to re-submit her calculation of damages, calculated in a manner consistent with the rulings contained within this Memorandum & Order.

24

**IT IS FURTHER ORDERED** that, <u>by no later than April 8, 2024</u>, Plaintiff is directed to file contemporaneous time records, together with other requisite documentation necessary to substantiate her request for attorney's fees and costs.

**IT IS FURTHER ORDERED** that, <u>by no later than April 8, 2024</u>, Plaintiff is directed to file a letter advising the Court as to whether she intends to proceed to trial on her FLSA claims.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 11, 2024
        Central Islip, New York

25