```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
CARMEN YANES, individually on
behalf of herself and all other
persons similarly situated,                MEMORANDUM & ORDER
                                           19-CV-0201 (JS)(LGD)
            Plaintiff,

    -against-

JUAN & JON Inc., doing business
as Juan and Jon; and JUAN CARLOS
DE LOS SANTOS,

            Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:     Michael Samuel, Esq.
                   Andrew D. Beresin, Esq.
                   The Samuel Law Firm
                   1441 Broadway, Suite 6085
                   New York, New York  10018


For Defendant:     No appearances¹
Juan & Jon Inc.


For Defendant:     Pro Se
Juan Carlos De Los
Santos
```

SEYBERT, District Judge:

Presently before the Court are the revised damages calculations (the "Letter") of Carmen Yanes ("Plaintiff") submitted in compliance with this Court's March 11, 2024 Memorandum

---

[1] On September 23, 2022, Counsel for Defendants Juan & Jon Inc. were granted permission to withdraw his appearance. (See Min. Entry, ECF No. 32.)  To date, despite being afforded the opportunity to do so (see id. at 4) Defendant Juan & Jon Inc. has not retained new counsel (see Case Docket, in toto).

& Order (hereafter the "March Order") (ECF No. 50) which granted in part and denied in part Plaintiff's Summary Judgment Motion (ECF No. 45).

## BACKGROUND[2]

On March 11, 2024, this Court granted in part and denied in part Plaintiff's Motion for Summary Judgment. (See March Order at 24.) Specifically, the Court granted summary judgment as to Count Three (the NYLL Minimum Wage Claim); Count Four (the NYLL Overtime Claim); and Count Five (the NYLL Spread of Hours Claim) of Plaintiff's Complaint. (Id.) In granting in part and denying in part Plaintiff's Summary Judgment Motion, the Court directed Plaintiff to "re-submit her calculation of damages" with such calculation to be "consistent with the rulings contained" in the March Order. (Id.)

---

[2] The Court assumes the Parties' familiarity with the factual and procedural background of this case which can be found in the March Order. See Yanes v. Juan & Jon Inc., No. 19-CV-0201, 2024 WL 1072034, at *1-2 (E.D.N.Y. Mar. 11, 2024). The March Order is also available on the Case Docket at ECF No. 50. Terms of art defined in the March Order are hereby incorporated by reference into this Order, familiarity with which is presumed.

DISCUSSION

I. Legal Standard

Under the NYLL, a prevailing plaintiff is entitled to an award of reasonable costs and attorney's fees. N.Y. Lab. Law § 663(1); see also Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013) ("Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the FLSA or NYLL."); Morales v. Mw Bronx, Inc., No. 15-CV-6296, 2016 WL 4084159, at *11 (S.D.N.Y. Aug. 1, 2016) ("Under the . . . NYLL, a prevailing plaintiff is entitled to reasonable attorney's fees and costs.")). It is the Plaintiff's burden to establish the reasonableness of the fees sought. See Santillan v. Henao, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (citing Savoie v. Merch's. Bank, 166 F.3d 456, 463 (2d Cir. 1999)).

Courts have broad discretion in determining what constitutes a reasonable attorney's fee. Palaghita v. Alkor Cap. Corp., No. 19-CV-1504, 2021 WL 4464121, at *12 (Aug. 20, 2021). "Generally, a reasonable rate is determined by multiplying the reasonable number[] of hours spent on a case by a reasonable hourly rate based on the prevailing hourly rate for similarly experienced attorneys in the district in which the court sits." Santos v. Cancun and Cancun Corp., No. 21-CV-0192, 2022 WL 1003812, at *8 (E.D.N.Y. Feb. 17, 2022) (citing Perez Campos v. Quentin Mkt. Corp., No. 16-CV-5303, 2018 WL 9945754, at *8-9 (E.D.N.Y. Oct. 17,

2019)). "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." Diaz v. Rene French Cleaners, Inc., No. 20-CV-3848, 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022) (quoting Palaghita, 2021 WL 4464121, at *12).

II. Analysis

Plaintiff seeks $13,520.00 in attorneys' fees and $787.00 in costs for a total fees and costs award of $14,307.00. (Letter at 2.) The Court addresses each of Plaintiff's requests in turn.

A. Plaintiff's Request for Attorneys' Fees

Plaintiff's attorneys billed approximately "32 billable hours in the representation of Plaintiff in this action." (Id.)

Michael Samuel ("Samuel") is the "founding partner of The Samuel Law Firm" whose regular hourly rate for FLSA cases is $500.00. (Id.) Samuel billed approximately 6.24 hours to Plaintiff's case generating fees of $3,200.00. (Id.; see also Contemporaneous Time Records, Ex. 2, ECF 51-2, attached to Letter.) Andrew Beresin ("Beresin") is "counsel to the firm" and charges an hourly rate of $400.00. (Id.) Beresin billed approximately 25.48

4

hours to Plaintiff's case generating fees of $10,320.00. (Contemporaneous Time Records.)

Here, the Court finds the total number of hours billed by both Samuel and Beresin are reasonable. Compare Castiblanco v. Don Alex Peru, Inc., No. 20-CV-2235, 2021 WL 4755701, at *10 (Aug. 20, 2021) (finding, in default judgment case, 23.7 hours was reasonable); Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 52 (E.D.N.Y. 2015) (finding 26.4 hours expended in a default judgment case reasonable). Likewise, the Court finds Beresin's hourly rate of $400.00 is consistent with the prevailing hourly rates for similarly experienced attorneys in the Eastern District of New York. Based upon the prevailing rates in this district, however, Samuel's hourly rate is excessive and must be reduced. Based upon his extensive level of experience litigating FLSA cases, the Court finds that Samuel should be compensated at the rate of $450.00 per hour, which is the upper limit for Partners in the Eastern District of New York.

[Remainder of page intentionally left blank]

In view of the foregoing, the Court finds Plaintiff is entitled to an award of attorneys' fees totaling $13,000.00 as outlined in the table below:

| Attorney | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Andrew D. Beresin | 25.48 | 400.00 | $10,192 |
| Michael Samuel | 6.24 | 450.00 | $2,808 |
|  |  |  | $13,000 |

B. <u>Plaintiff's Request for Costs</u>

As to costs, Plaintiff seeks: (1) $402.00 in filing fees; (2) $300.00 in mediation fees; and (3) $85.00 in service of process costs, for a total costs award of $787.00. (Letter at 2; <u>see also</u> Contemporaneous Time Records.) Plaintiff has not provided invoices or receipts to substantiate the claimed amounts but relies instead upon the Samuel Firms' billing records in seeking these figures. (See Contemporaneous Time Records, <u>in toto</u>.) The Court takes judicial notice of the filing fee receipt present on the Case Docket (<u>see</u> ECF No. 1 (confirmation of payment of $400.00 filing fee with corresponding receipt number).) <u>Bank of Am. V. Jacobi Tool & Die M.F.G., Inc.</u>, No. 17-CV-6828, 2019 WL 7599891, at *6 (E.D.N.Y. Oct. 22, 2019) ("As the Court records easily substantiate this cost, it is awarded to Plaintiff.") However,

6

Plaintiff's remaining costs must be denied for lack of substantiation. See Khotovitskaya v. Shimunov, No. 18-CV-7303, 2021 WL 868781, at *2 (E.D.N.Y. Mar. 9, 2021) (denying costs where party failed to submit documentation substantiating the amounts reflected in attorney billing records); see also Suriel v. Cruz, No. 20-CV-8442, 2022 WL 1750232, at *18 (S.D.N.Y. Jan. 10, 2022) (same).

### C. Plaintiff's NYLL Damage Calculations

In her revised calculation of damages, Plaintiff seeks: (1) $35,749.29 on her Minimum Wage Claim; (2) $11,694.64 on her Overtime Claim; and (3) $9,355.71 on her Spread of Hours Claim for a total damages award of $56,799.64. (See NYLL Damages Calculations, Ex.1, ECF No. 51-1, attached to Letter.) Likewise, Plaintiff seeks pre-judgment interest at 9% per annum on her wages claims for a total sum of $44,285.05 and liquidated damages in the sum of $56,799.64. (Id. at 1-2.) In its March Order, the Court previously determined that Plaintiff was entitled to these fees. (See March Order, in toto.) Having reviewed Plaintiff's revised damages calculation, the Court finds the sums sought to be accurate.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED that** the Clerk of Court is directed to enter judgment in Plaintiff's favor in the sum of $171,286.33. The breakdown of Plaintiff's damages is as follows:

1. $35,749.29 on Count Three of Plaintiff's Complaint;
2. $11,694.64 on Count Four of Plaintiff's Complaint;
3. $9,355.71 on Count Five of Plaintiff's Complaint;
4. $44,285.05 in pre-judgment interest;
5. $56,799.64 in liquidated damages; and
6. $13,402.00 in attorneys' fees and costs.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to mark this case closed.[3]

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 16, 2024
      Central Islip, New York

---

[3] Pursuant to Plaintiff's Letter, Plaintiff does not intend to proceed with her FLSA claims since any potential damage award Plaintiff might secure on her FLSA claims "would not exceed Plaintiff's [NYLL] claims upon which summary judgment was granted." (Letter at 2.)

8